Oldiiam, J. This was an. action commenced by attachment in the Hempstead circuit court. A counterpart of the writ was issued to the sheriff of Jefferson county, which was served personally upon the defendant Smith, and certain debts due him by other individuals were declared by the sheriff to be attached and the debtors summoned as garnishees. The writ issued to the sheriff of Hempstead county was returned “no property found.” The counterpart of the writ was issued to the sheriff of J Ohnson county in the absence of any law whatever. By the Rev. St. clu 13, sec. 6, the clerk is required, upon the pre-requisites of the statute being complied with “ to issue a writ of attachment to be directed' to the sheriff of his county,” &c.- But no authority is given by which he may issue counterparts of the writ to sheriffs of other counties. It need not be stated that the remedy by attachment^ being a statutory remedy, cannot be extended beyond the limits assigned to it by the statute. The circuit court of Hempstead county acquired no jurisdiction by virtue of the writ issued to the sheriff of Jefferson county over either the person or property of the defendant so as to bind him by its judgments. The judgment is therefore reversed and the cause remanded. Smith having made himself a party by prosecuting his writ of error to this court, must be considered in court as by orcli-nary personal summons and the rule laid down in Gilbreath vs. Kuykendall enforced.